**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AIRS AROMATICS, LLC, a Delaware limited liability company,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>MINE HAKIM, individually, DBA Birch Bay Aromatics,<br><br>        Defendant - Appellee. | No. 12-56486<br><br>D.C. No. 2:11-cv-08709-DDP-JPR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted February 11, 2014[**]
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

Airs Aromatics appeals from the district court's dismissal of its complaint on

the basis of a lack of standing. We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm the district court's decision that Airs Aromatics lacked standing to bring its Lanham Act claim for unfair competition. Section 43(a) of the Lanham Act provides a cause of action for "false representations concerning the origin, association, or endorsement of goods or services through the wrongful use of another's distinctive mark, name, trade dress, or other device."*Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1108-09 (9th Cir. 1992) (citing 15 U.S.C. § 1125 (a)(1)(A)). To have standing for an unfair competition claim, a plaintiff must have suffered some form of commercial injury from the defendant's "deceptive and misleading use of marks."*Id.* at 1108-09. This standing requirement is satisfied by parties that either have "a commercial interest in the product wrongfully identified with another's mark" or have "a commercial interest in the misused mark." *Id.* at 1109.

The proposed source of Airs Aromatics' standing is a potential protectable commercial interest in the common law marks for AIRS and ANGEL DREAMS fragrance products. To establish a protectable ownership interest in a common law trademark, the owner must "establish not only that he or she used the mark before the mark was registered, but also that such use has continued to the present." *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005). Continuous usage is not established simply by showing non-abandonment. *Casual Corner Associates, Inc. v. Casual Stores of Nevada, Inc.*, 493 F.2d 709, 712 (9th Cir. 1974).

2

To establish standing, Airs Aromatics must allege sufficient facts to show continuous usage of both the AIRS and ANGEL DREAMS marks in a commercial capacity. In its complaint, Airs Aromatics stated that "For many years, since at least 1993, Airs International used the marks AIRS and ANGEL DREAMS in connection with its interstate sales of cosmetic and fragrance products." Airs Aromatics also stated that "Airs International assigned all rights to those marks … to Airs Aromatics. Immediately, Airs Aromatics began using that name in interstate commerce in connection with its promotion and sales of fragrance products."

These statements are insufficient allegations of continuous usage. The complaint is vague about the exact period of dates that Airs International used the marks in commerce. This vagueness about the dates of usage is insufficient since Hakim introduced evidence through judicial notice that indicated Airs International had become insolvent in 2000 and that its corporate status had been suspended by the state of California from 2002 to 2011. Airs Aromatics failed to make the necessary factual allegations to establish a protectable ownership interest in the marks; without such an interest Airs Aromatics has not suffered a commercial injury and therefore lacks standing to bring its Lanham Act claim.

**AFFIRMED.**